JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Henry Jones appeals from his conviction for possession of a controlled substance, to wit: crack cocaine, in violation of R.C. 2925.11. He raises three assignments of error in connection with the court's decision to deny his motion to suppress:
 {¶ 2} [I] The trial court committed reversible error in determining that by witnessing the appellant milling about in a parking lot and randomly waving at passersby [sic] the police officer reasonably concluded that criminal activity was afoot.
 {¶ 3} [II] The evidence does not justify the pat-down conducted by Officer Lynch as Officer Lynch testified that he performed the Terry search as a matter of procedure as opposed to having a reasonable suspicion that the appellant was armed.
 {¶ 4} [III] The trial court committed reversible error as the prescription pill container seized by the police officer was not immediately apparent to him as non-threatening contraband, thus the officer exceed[ed] the scope of intrusion permissible under Terry.
{¶ 5} Although the police officers had ample grounds to investigate and determine whether Jones was engaged in criminal activity, they did not have a reasonable suspicion that he was armed. Therefore, their immediate pat-down search of Jones was invalid and the contraband they found on his person should have been suppressed. Consequently, we reverse the order denying the motion to suppress, vacate the sentence and the no contest plea, and remand for further proceedings.
 FACTS AND PROCEEDINGS BELOW
{¶ 6} On September 27, 2001, Jones was indicted for possession of less than one gram of crack cocaine, in violation of R.C. 2925.11. On October 27, 2001, he moved the court to suppress the evidence against him. The court held a hearing, after which it denied the motion to suppress. On November 20, Jones entered a no contest plea and the court found him guilty of the charge. The court immediately sentenced him to a term of six months imprisonment followed by two years of community control on the condition that appellant participate in out-patient drug treatment and aftercare.
{¶ 7} At the suppression hearing, the court heard the testimony of Detective Thomas Lynch of the Strike Force unit of the Cleveland Police Department. Lynch and his partner were patrolling the intersection of Detroit Avenue and West 80th Street at approximately 11:30 p.m. in response to complaints of drug activity. He said there was a high level of drug activity and prostitution in that area; in his six and one-half years as a police officer he had made a couple hundred arrests, approximately half of those in this area. He said he had encountered weapons guns, knives and like bats or like small clubs in connection with drug dealing probably five or six times.
{¶ 8} Lynch and his partner were parked in an unmarked car on West 80th Street south of Detroit Avenue when they observed two males in a convenience store parking lot on the northeast corner of that intersection waving to cars traveling northbound on West 80th Street. During the four to five minute observation period, the officers saw several cars slow down, but none stopped. Officer Lynch testified that in his experience, drug dealers flag down cars, which stop 10 to 15 feet in front of the dealer. The dealer then approaches the driver's side window and they complete the transaction.
{¶ 9} The police officers parked on the west side of West 80th Street, north of Detroit Avenue. They left their vehicle and approached the men. They identified themselves as police officers and patted the men down. Officer Lynch said it was their standard procedure when investigating street corner drug sales to pat down all interviewees.
{¶ 10} When Officer Lynch patted down Jones, he felt a film container or a pill bottle in the waistband of his trousers. Street corner drug dealers commonly keep crack cocaine in such containers. After he completed the pat-down, Officer Lynch removed the pill bottle from Jones' waistband. The bottle contained five rocks of crack cocaine.
 LAW AND ANALYSIS
{¶ 11} Jones argues that the fact that he and a companion were waving at passing vehicles did not provide the police with a reasonable suspicion that he was engaged in criminal activity. We give deference to the common pleas court's factual findings, but its legal conclusions based upon those facts are subject to de novo review. Ornelas v. United States (1996), 517 U.S. 690, 691. We must look at the totality of the circumstances and determine whether the police officers had a particularized and objective basis for suspecting that Jones and his companion were engaged in criminal activity. United States v. Arvizu (2002), 534 U.S. 266, 122 S.Ct. 744, 749-750. This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that `might well elude an untrained person.' Arvizu, 534 U.S. 266,122 S.Ct. at 750 (quoting United States v. Cortez (1981), 449 U.S. 411,418).
{¶ 12} The police observed no interaction between Jones or his companion and the occupants of the passing autos. However, Officer Lynch had seen drug dealers contact potential customers in this fashion. Given the late hour and the fact that the area had a high level of drug activity, Officer Lynch was justified in stopping Jones and his companion for further investigation.
{¶ 13} However, Officer Lynch did not have a reasonable suspicion that Jones was armed at the time he approached Jones, so he was not justified in frisking Jones immediately. When Officer Lynch executed the frisk, he had done nothing to confirm or dispel his suspicion that Jones and his companion were selling drugs. Neither Jones nor his companion attempted to flee when the police identified themselves, nor did they engage in any furtive movements, nor were there any suspicious bulges in their clothing. Officer Lynch had encountered weapons in connection with drug activity in this area in the past, but given the limited basis for his belief that Jones was involved in drug activity in the first place, Officer Lynch was not justified in making the further inference that Jones was armed based solely upon the suspicion that he was involved in drug activity. See State v. Robinson (Aug. 2, 2001), Cuyahoga App. No. 78827.
{¶ 14} The articulable facts which will support an investigatory stop and those that will allow a protective search for weapons are usually different; a suspicion that criminal activity is afoot does not necessarily imply that the suspect is armed. The Supreme Court in Terry carefully distinguished the two issues. See, e.g., Terry v. Ohio (1963),392 U.S. 1, 23.
{¶ 15} If the suspected crime under investigation inherently involves the use of a weapon (robbery, for example), then an immediate protective search is in order. At the other extreme, if the crime itself does not involve the use of a weapon and is not generally associated with weapons (such as forgery), then additional facts are needed to demonstrate a reasonable suspicion that the suspect is armed.
{¶ 16} This case falls between these two extremes. The right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed. State v. Evans (1993), 67 Ohio St.3d 405, 413 (emphasis added). However, the quantity and quality of the information supporting the suspicion must be taken into account. Here, the basis for the police officer's belief that Jones may have been involved in drug activity was limited at best, and did not support the immediate additional inference that Jones was armed. The record is devoid of evidence that Officer Lynch actually and reasonably suspected that Jones was armed on any other basis. State v. Robinson (Aug. 2, 2001), Cuyahoga App. No. 78827. Therefore, the police officers did not have a reasonable, articulable suspicion that Jones was armed.
{¶ 17} A pat-down search should not be automatic in every Terry investigatory stop. To accept such an intrusion as a matter of course is antithetical to the concept underlying Terry, that the justifiable level of intrusion depends on the facts and circumstances of each case. See State v. Lozada (2001), 92 Ohio St.3d 74, 77. Officer Lynch testified that it was their procedure — any time we deal with what we believe to be a street corner drug sale incident, it is our procedure that we pat down everyone that we speak to. Such a standard procedure regardless of the role, if any, the detainee is suspected to have had in the transaction, and regardless of the evidence that the detainee is armed is not permissible under Terry.
{¶ 18} Finally, even if the frisk was justified, Officer Lynch was not justified in confiscating the pill bottle under the plain touch doctrine. Officer Lynch recognized the shape of the object as a pill bottle or film canister, but he did not have probable cause to believe the bottle contained contraband simply based upon its shape and size. See Minnesota v. Dickerson (1993), 508 U.S. 366. Therefore, even if Officer Lynch had a reasonable suspicion that Jones was armed, sufficient to justify a pat-down search for weapons, he had no justification for confiscating the pill bottle.
{¶ 19} Accordingly, we find the common pleas court should have granted Jones' motion to suppress. Therefore, we reverse the court's order denying the motion to suppress, vacate the sentence and the order accepting Jones' no contest plea and remand for further proceedings.
{¶ 20} The order denying Jones's motion to suppress is reversed. The sentence and order accepting his no contest plea are vacated, and this matter is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. CONCURS.
MICHAEL J. CORRIGAN, J. DISSENTS (WITH SEPARATE DISSENTING OPINION).